UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. 5:18-CV-00014-DCR

STEVEN K. LENOX                              PLAINTIFF/
                                                     COUNTERCLAIM DEFENDANT

v.

REGIONS BANK                                  DEFENDANT/
                                                    COUNTERCLAIM PLAINTIFF

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff/Counterclaim Defendant, Steven K. Lenox, and Defendant/Counterclaim Plaintiff, Regions Bank, through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced, or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology, and/or other proprietary information belonging to the parties, and/or personal income, credit and other confidential information of Mr. Lenox.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.     This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action that are designated to be subject to this Order in accordance with the terms hereof.

2.     Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping "Confidential" on the front of the document, or on the portion(s) of the document for which confidential treatment is designated.

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party wishing to file confidential information with the Court shall make a motion to the Court for permission to file under seal, and such motion shall be granted prior to filing the confidential information.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise that refers, reflects, or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from, any such materials (including but not limited to, all deposition testimony that refers, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) nonparty fact witnesses

subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information, and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure, unless he or she has signed the "Declaration of Compliance" that is attached hereto as Exhibit A); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A.

6. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents or information shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7, and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

8. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries, or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work-product materials, shall be returned to the individual or entity having produced or furnished same, or destroyed.

10. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

11. Non-public personal information under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.* (the "GLBA"), including, but not limited to, borrower names, social security numbers, account numbers, addresses, or non-public financial information, is considered confidential regardless of whether the pages containing the non-public personal information are marked as "Confidential." Furnishing responses to discovery or testimony that is deemed non-public information under the GLBA in accordance with the Federal Rule of Civil Procedures and in compliance with this Order shall be considered "in response to a judicial process" under the GLBA, 15 U.S.C. §6802(e)(8) and shall fulfill Regions Bank's duties under the GLBA.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

16. The parties agree that if any party inadvertently produces a privileged document, including documents that are work product and/or are protected by the attorney-client privilege, the receiving party must return the document to the producing party and destroy all copies thereof. Pursuant to Federal Rule of Evidence 502(d), a party's privilege or protection is not waived by a party's disclosure connected with this litigation pending before the Court—in which event the disclosure is also not waived in any other federal or state proceeding.

17. The parties agree that documents marked "Confidential" need not contain redactions required by Federal Rule of Civil Procedure 5.2 when exchanged between the parties. However, to the extent that the "Confidential" designation is removed from a document and/or document for any reason is filed with the Court not under seal, the parties will abide by the redaction requirements set forth in Rule 5.2. This Paragraph does not apply to the parties' redactions based on privilege.

IT IS SO ORDERED.

Dated:

                                        Judge, United States District Court

Tendered by:

*Zachary M. VanVactor*_____
Zachary M. VanVactor
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
Email: zvanvactor@stites.com

COUNSEL FOR DEFENDANT/
COUNTERCLAIM PLAINTIFF,
REGIONS BANK


Have seen and agreed:

/s/ *James R. McKenzie* (with permission)
James R. McKenzie
J. Hays Lawson
CREDIT DEFENSE ATTORNEYS, PLLC
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Telephone:  (502) 371-2179
Email: james@creditdefenseky.com
           hays@creditdefenseky.com

COUNSEL FOR PLAINTIFF/
COUNTERCLAIM DEFENDANT,
STEVEN K. LENOX

## EXHIBIT A

## DECLARATION OF COMPLIANCE

1. I, _____, declare as follows:

2. My address is _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20__.

6. I have carefully read and understand the provisions of this Stipulated Protective Order.

7. I will comply with all provisions of this Stipulated Protective Order.

8. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

9. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

10. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

-2-

11. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 20___ at _____.

_____
QUALIFIED PERSON

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing electronically filed document has been served via a "Notice of Electronic Filing" through the Court's CM/ECF System to all parties of record on October 4, 2018.

*Zachary M. VanVactor*
COUNSEL FOR REGIONS BANK